J-S61044-17

2018 PA Super 93

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| v. | : | |
| HILLARD BETHEA, | : | |
| Appellant | : | No. 3454 EDA 2014 |

Appeal from the Judgment of Sentence November 21, 2014
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0005123-2008

BEFORE: LAZARUS, J., RANSOM, J., and PLATT*, J.

CONCURRING STATEMENT BY RANSOM, J.:          **FILED APRIL 23, 2018**

I join in the Court's disposition of this appeal, and I agree with the Majority's substantive analysis. Nevertheless, I write separately to clarify my understanding of this Court's holding in **Commonwealth v. Butler**, 173 A.3d 1212 (Pa. 2017).

In noting properly that the trial court adjudicated Appellant a Tier III sexually violent predator under Megan's Law, and not the Sex Offender Registration and Notification Act, 42 Pa.C.S. §§ 9799.10-9799.41 (SORNA), the Majority suggests this Court has determined that registration requirements under SORNA are unconstitutional. I disagree.

In **Butler**, we did not hold that the SORNA registration requirements are unconstitutional. Rather, citing in support concerns raised by the United States Supreme Court in **Alleyne v. Unites States**, 133 S. Ct. 2151 (2013),

_____
* Retired Senior Judge assigned to the Superior Court.

and *Apprendi v. New Jersey*, 120 S. Ct. 2348 (2000), we held that a court could not designate an individual a sexually violent predator (SVP) based upon clear and convincing evidence:

> Accordingly, we are constrained to hold that section 9799.24(e)(3) is unconstitutional and Appellant's judgment of sentence, to the extent it required him to register as an SVP for life, was illegal.

*Butler*, 173 A.3d at 1218; 42 Pa.C.S. § 9799.24(e)(3) ("At the hearing prior to sentencing, the court shall determine whether the Commonwealth has proved by clear and convincing evidence that the individual is a sexually violent predator.").

The effect of this conclusion on the SORNA registration requirements was also addressed:

> Moreover, we are constrained to hold trial courts cannot designate convicted defendants SVPs (nor may they hold SVP hearings) until our General Assembly enacts a constitutional designation mechanism. Instead, trial courts must notify a defendant that he or she is required to register for 15 years if he or she is convicted of a Tier I sexual offense, 25 years if he or she is convicted of a Tier II sexual offense, or life if he or she is convicted of a Tier III sexual offense.

*Id.* Thus, increased registration periods triggered by SVP status are not permitted. *Butler*, 173 A.3d at 1218. However, SORNA registration requirements based on the Tier classification system remain appropriate and enforceable.